UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LINCOLN NATIONAL LIFE INSURANCE COMPANY        CIVIL ACTION

VERSUS                                          NO. 15-6946

KACIE BREEN, ET AL.                             SECTION "N"  (3)

## ORDER AND REASONS

Presently before the Court is "Defendant Kacie Breen's Motion for Summary Judgment" (Rec. Doc. 16). Having carefully reviewed the parties' submissions, the record in this matter, and applicable law, particularly including Louisiana Revised Statute 22:901(D),[1] the Court,

---

[1]     La. R.S. 22:901(D) provides, in pertinent part:

> D.   (1) No beneficiary, assignee, or other payee under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary, assignee, or other payee is either:
>
> > (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
> >
> > (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.
>
> (2) Where such a disqualification exists, the policy proceeds shall be payable to the secondary or contingent beneficiary, unless similarly disqualified, or, if no secondary or contingent beneficiary exists, to the estate of the insured. Nothing contained in this Section shall prohibit payment pursuant to an assignment of the policy proceeds where such payment defrays the cost and expenses of the insured's funeral or expense incurred in connection with medical treatment of the insured. Nothing contained in this Section shall prohibit payment of insurance proceeds pursuant to a facility of

on the present showing made, is not in a position to find Plaintiff to have demonstrated, as required by Rule 56, that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56. Thus, **IT IS ORDERED** that the motion is **DENIED WITHOUT PREJUDICE.**

Although the St. Tammany Parish Grand Jury's April 7, 2016 refusal to indict Ms. Breen renders §901(D)(1)(a) inapplicable, the same seemingly is not true of §901(D)(1)(b). Rather, given the information presently before the Court, it appears that the ongoing wrongful death actions could nevertheless result in Ms. Breen's being "[j]udicially determined to have participated in the intentional, unjustified killing of the individual insured," i.e. her deceased husband, Wayne Breen, as a civil matter, thus precluding her from receiving the proceeds of his life insurance policy. See LSA- R.S. 22: 901 (D)(1)(b). Specifically, in the absence of evidence and legal authority sufficient to preclude a reasonable trier-of-fact from finding Ms. Breen's killing of Wayne Breen to have been, as a matter of law, intentional and unjustified, Plaintiff's present motion fails. To the extent that further discovery and/or rulings in the state court proceedings later render summary judgment herein practicable, however, the instant ruling is without prejudice to appropriate future motion practice.

New Orleans, Louisiana, this 13th day of July 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

payment clause, so long as such payment is not made to a beneficiary, assignee, or other payee disqualified by this Section.

(3) An executive pardon of any beneficiary, assignee, or other payee disqualified under this Subsection shall not affect the disqualification.

LSA-R.S. 22:901